**CITY OF MERIDIAN, MISS.**
v.
**MISSISSIPPI VALLEY GAS CO.**
No. 14916.

United States Court of Appeals,
Fifth Circuit.

June 30, 1954.

Rehearing Denied Aug. 4, 1954.

J. Thomas Dunn, Dunn & Singley, Meridian, Miss., for appellant.

Ben F. Cameron, Meridian, Miss., John M. Kuykendall, Jr., Jackson, Miss., J. C. Wilbourn, Richard G. Lord, Jr., Meridian, Miss. (Wright, Overstreet & Kuykendall, Jackson, Miss., Wilbourn, Wilbourn & Lord, Cameron & Cameron, Meridian, Miss., of counsel), for appellee.

Before HUTCHESON, Chief Judge, RIVES, Circuit Judge, and RICE, District Judge.

HUTCHESON, Chief Judge.

Appealing from an order which, denying defendant's motion to dismiss, for want of jurisdiction, plaintiff's suit for injunctive and other relief, granted a preliminary injunction restraining enforcement of a gas rate ordinance adopt-

ed on September 1, 1953, appellant city is here insisting, as it did below, that the ordinance was enacted after reasonable notice and hearing, and, therefore, under the provisions of the Johnson Act,[1] the court was without jurisdiction to entertain the suit.

■ Appellee, pointing to finding of fact 12.[2] and conclusion of law 2.,[3] urges upon us that the finding and conclusion are supported by the undisputed facts of record and that the order must be affirmed.

We think it clear that this is so and that in arguing that, in fixing rates, the city is exercising legislative power and does not have to give a real notice and afford a real hearing before making the order, appellant completely misapprehends the question this appeal presents. Indeed, in citing as apposite and in point here, Budd v. New York, 143 U.S. 517, 12 S.Ct. 468, 36 L.Ed. 247, and Home Telephone & Telegraph Co. v. City, 211 U.S. 265, 29 S.Ct. 50, 53 L.Ed. 176, holding that "rate regulation is purely a legislative function and the notice and hearing essential in judicial proceedings would not seem to be indispensable", the city makes an argument which, if accepted and followed as to the promise of the Johnson Act for notice and hearing, would keep it to the ear while it breaks it to the hope. It does this by conceding that the Johnson Act requires that reasonable *notice and hearing* must be afforded if the exercise of Federal jurisdiction is to be denied, while at the same time citing the Los Angeles case as authority for its view that "the notice

and hearing afforded in the exercise of this *legislative function* would be left to the discretion of the body exercising it."

■ No case has been cited to us, we have found none, we believe none can be found, which supports the view thus announced, that it is not for the court whose jurisdiction is invoked to determine whether reasonable notice and hearing, as provided in the Act, were afforded, but it is for the defendant to determine this for itself and for the plaintiff to be bound by that determination.

■ Such a view would nullify the purpose of Congress to channel normal rate litigation into the State Courts while leaving Federal Courts free in the exercise of their equity powers to relieve against arbitrary action such as the district judge, on evidence supporting his finding, found had occurred in this case.

The language of the statute is so plain, the legislative history is so consonant with the language, the mischief it was designed to reach and the remedy determined upon in and afforded by it is so clear as to make further discussion, and the citation of authorities in support, of these views unnecessary. In point, however, in the statement of the controlling principle, though not in its precise facts, in our case of City of El Paso v. Texas Cities Gas Co., 5 Cir., 100 F.2d 501. Other cases having a bearing on the principle controlling here are Ohio Bell Telephone Co. v. Public Utilities, 301 U.S. 292, 57 S.Ct. 724, 81 L.Ed.

1. "§ 1342. Rate orders of State agencies
"The district courts shall not enjoin, suspend or restrain the operation of, or compliance with, any order affecting rates chargeable by a public utility and made by a State administrative agency or a rate-making body of a State political subdivision, where:
"(1) Jurisdiction is based solely on diversity of citizenship or repugnance of the order to the Federal Constitution; and,
"(2) The order does not interfere with interstate commerce; and,

"(3) The order has been made after reasonable notice and hearing; and,
"(4) A plain, speedy and efficient remedy may be had in the courts of such State. June 25, 1948, c. 646, 62 Stat. 932."

2. "12. The ordinance of September 1, 1953, of Defendant City was adopted without reasonable hearing being afforded the Plaintiff."

3. "2. Jurisdiction of this Court is not denied or limited by the Johnson Act (28 U.S.C. 1342)."

1093; Morgan v. United States, 298 U.S. 468, 56 S.Ct. 906, 80 L.Ed. 1288; Coe v. Armour Fertilizer Co., 237 U.S. 413, 35 S.Ct. 625, 59 L.Ed. 1027.

The order appealed from is affirmed.