236 F.2d 464
 GENERAL INVESTMENT & SERVICE CORPORATION, Inc., individually and on behalf of all other customers of the Wichita Water Company who are required to pay a surcharge for water purchased from the Wichita Water Company, Appellants,
v.
The WICHITA WATER COMPANY and The City of Wichita, Kansas, Appellees.
 No. 5338.
 United States Court of Appeals Tenth Circuit.
 August 23, 1956.
 
 Kenneth G. Speir, Newton, Kan. (Vernon A. Stroberg, and Herbert H. Sizemore, Newton, Kan., were with him on the brief), for appellant.
 Robert B. Morton, Wichita, Kan. (Fred W. Aley and Paul J. Donaldson, Wichita, Kan., were with him on the brief), for City of Wichita, Kansas, appellee.
 George Stallwitz, Wichita, Kan. (W. F. Lilleston and Henry V. Gott, Wichita, Kan., were with him on the brief), for Wichita Water Co., appellee.
 Before HUXMAN, MURRAH and PICKETT, Circuit Judges.
 HUXMAN, Circuit Judge.
 
 
 1
 This was an action brought by General Investment and Service Company, Inc.,[1] for itself and all other customers similarly situated against the Wichita Water Company,[2] a Delaware Corporation, for a declaratory judgment and for an injunction. In its complaint it alleged that a surcharge which the Water Company was adding to its water rate and was collecting for the City of Wichita, Kansas,[3] was null and void. It also alleged that the surcharge was being discriminatorily applied. It asked for a declaratory judgment declaring such charge null and void and for an injunction enjoining the Water Company from collecting it. It alleged that a city ordinance providing for such surcharge under which the City was acting was illegal and void and that the collection of the surcharge by the Water Company deprived plaintiffs of their property without due process of law. The Water Company filed a motion to be permitted to file a third party complaint, asking that the City be made a party defendant under a third party complaint attached to the motion. General's motion to strike the third party complaint was overruled and the motion to file the complaint was granted, and the City became a third party defendant. The Water Company filed a motion to dismiss the complaint for failure to state a cause of action and the City filed a motion for summary judgment. The court considered the motion to dismiss and the motion for summary judgment together. It admitted certain exhibits and entered summary judgment against General and in favor of the Water Company and the City.
 
 
 2
 The facts about which there is no dispute are these. Wichita furnishes water to the residents of the City and to the surrounding area under the following plan. Under Ordinance No. 13-520 the City has given the Water Company a franchise to maintain a waterworks system for the distribution of water to the City proper and to the areas adjacent thereto. The ordinance requires the Water Company to distribute water and fixes the rates which the Water Company may collect for its services in distributing the water. The Water Company does not have a supply of water. Under the ordinance the City obligates itself to furnish to the Water Company at "the reservoirs or pumping station of the Grantee" an adequate supply of water. In order to carry out its obligations, the City has constructed a water system to transport such water to point of delivery. Construction of this system was financed by a bond issue. In order to enable the City to operate its water system and retire the bonds, Ordinance No. 19-639 with the Water Company provides for a surcharge of 60 per cent of the rate fixed for the Water Company. The ordinance provides that this charge shall be added to the Water Company's rate and shall be collected by it from each customer for the City, where this can be done without litigation. It is this additional charge which plaintiffs seek to have declared illegal and its collection enjoined.
 
 
 3
 It is urged that the trial court erred in permitting the City to be brought in as a third party defendant. The contention is that the facts do not meet the conditions of Rule 14, Fed.Rules Civ.Proc. 28 U.S.C.A. for bringing in a third party. It is not necessary to determine whether the City was properly brought into the case under Rule 14 which provides for bringing in a party which may be liable over to the defendant in the event judgment is obtained against the defendant, or under Rule 24(a) (3), intervention by right, or 24(b) permissive intervention. We think it is clear that the City was the real party in interest since the plaintiffs' cause of action challenged the right of the City to charge and collect the so-called surcharge. True, plaintiffs only sought an injunction against the Water Company from making the collection. But this injunction was not sought on the ground that the Water Company lacked proper authority as the agent of the City to make the collection, but rather it was sought on the ground that the charge was illegal and that the City lacked statutory authority to levy and collect the surcharge. A binding adjudication of that issue could not be made in the absence of the City from the case. Indeed, it is difficult to see why General makes any issue of that matter at all because in its brief it states, "Appellant reiterates that it has no objection to intervention, but that it strenuously objects to the City of Wichita coming in under Rule 14." This is like objecting because one entered a room through door (B) whereas he should have entered through door (A). The important thing is that the City is in; it is in a case in which it is the real party in interest and in which is sought to be adjudicated the legality of the charge which it is making for itself. In fact if no application had been made for the entry of the City the court would have been warranted in directing on its own volition that the City be brought in or that the case be dismissed.[4]
 
 
 4
 Because we have reached the conclusion that the federal court lacked jurisdiction to entertain the action for an injunction and for a declaratory judgment, the merits will not be considered or adjudicated. 28 U.S.C.A. § 1342 provides that "The district courts shall not enjoin, suspend or restrain the operation of, or compliance with, any order affecting rates chargeable by a public utility and made by a State administrative agency or a rate-making body of a State political subdivision, where:
 
 
 5
 "(1) Jurisdiction is based solely on diversity of citizenship or repugnance of the order to the Federal Constitution; and,
 
 
 6
 "(2) The order does not interfere with interstate commerce; and,
 
 
 7
 "(3) The order has been made after reasonable notice and hearing; and,
 
 
 8
 "(4) A plain, speedy and efficient remedy may be had in the courts of such State. June 25, 1948, c. 646, 62 Stat. 932."
 
 
 9
 While the Act strikes at a rate order made by a State administrative agency or a rate-making body, it applies with equal force to rates fixed by city ordinances. No distinction may be drawn between city ordinances and agency orders.[5] Neither does the ordinance interfere with interstate commerce. It affects only intrastate transportation. Appellants also have available an adequate remedy in the state courts. Under Kans.G.S.1949 § 60-3127, The Kansas Declaratory Judgment Act, appellants could have had the same relief if they could establish their right thereto in the state courts which they seek in the federal court. In Hyde Park Dairies v. City of Newton, 167 Kan. 730, 208 P.2d 221, 224, the Kansas Court said: "It has long been settled courts also have jurisdiction, under the declaratory judgment act, to determine the validity of statutes or ordinances before a party undertakes to act in apparent violation thereof. That is the purpose and intent of the remedial relief contemplated by the act."
 
 
 10
 Subsection (3) of 28 U.S.C.A. § 1342 requires notice and hearing prior to the making of the order, in order to deny the right to challenge the validity of a city ordinance in the federal courts. While the record is silent, we think it must be conceded that the only notice General perhaps had of the ordinance was that which flowed from its publication. But we do not, however, think this prevents the application of Section 1342. Not many cases have considered the effect of failure to give notice prior to the passage of an ordinance fixing a rate. In City of Meridian, Miss. v. Mississippi Valley Gas Company, 5 Cir., 214 F.2d 525, it was held that where no notice was given of a proposed rate change prior to the passage of an ordinance, the Federal courts had jurisdiction to entertain an action for an injunction to restrain the rate. In East Ohio Gas Company v. City of Cleveland, D.C., 23 F.Supp. 965,[6] jurisdiction was denied the federal court. The opinion, however, indicates that the complaining company had some form of notice of what the city proposed to do by ordinance.
 
 
 11
 As pointed out in this City of Cleveland case, the notice and hearing mentioned in the Act have been considered in a number of cases both by the Supreme Court as well as the lower courts.[7] But the court points out that what was said in such cases must be confined to the hearing preceding the type of orders involved in each case. In every case that has held that notice and opportunity to be heard preceding the passage of an ordinance fixing a rate was necessary to deprive the federal court of jurisdiction, was involved the reasonableness of the rate, not the power to establish a rate by ordinance. The purpose of a hearing following notice is to give an interested party an opportunity to present evidence and to have findings of fact based thereon made by the administrative agency which will then form the basis of a judicial review of the order. As stated by the Supreme Court in Ohio Bell Telephone Company v. Public Utilities Commission, 301 U.S. 292, 300, 57 S.Ct. 724, 729, 81 L.Ed. 1093, the absence of such opportunities does not constitute a fair hearing "essential to due process." No doubt Congress had this in mind when it passed the Johnson Act and the succeeding act set out in Section 1342. In the absence of such safeguards, Congress intended the federal court should have jurisdiction.
 
 
 12
 The vital part of Section 1342(3) is the provision for a hearing. Notice is only essential to give one affected by the proposed rate ordinance an opportunity for a hearing. The hearing is for the purpose of adducing evidence and establishing the facts. If there is no issue of fact, there is no need of a hearing to make findings of fact which may then be the basis of a judicial review. In such a case there is only a question of law which may be judicially reviewed without a previous administrative determination. In such case a hearing of an administrative board or commission becomes immaterial. This is not a case where General concedes the authority of the City to pass an ordinance fixing a water rate for the City, but challenges the established rate on the ground that it is unauthorized by law. The only issue in the case as presented by General is that the ordinance is void for want of statutory power to enact it. That is a legal question which can be presented in court without the administrative hearing contemplated by Section 1342(3). All that is required is an examination of the statutes relating to that question. We, therefore, conclude that no notice or hearing was necessary and that the court was without jurisdiction and should have dismissed the action.
 
 
 13
 But conceding without deciding that the court had jurisdiction because the requirements of Section 1342 necessary to deprive it of such jurisdiction had not been fully complied with, we are still of the view that the court should have denied General the right to proceed in the federal court. The principle is well established and without dispute that under the rule of comity under our dual system of Government in cases involving state laws, rules or regulations, equitable considerations will under certain circumstances require federal courts to stay their hands where the parties have an adequate, speedy and complete determination of the controversy in a state tribunal. No cases need be cited to support this statement. It is recognized without exception. The Supreme Court has held that where there is pending in the federal court a case involving the construction of a state law and if one construction will remove the federal question a federal court should stay its hand, retain jurisdiction and relegate the parties to the state court to first seek a construction of the statute.[8] Other cases hold that where parties have come into federal court for a determination of rights, the federal court should not only stay its hand but should dismiss the action, where there is available in the state courts a complete and adequate remedy for the determination of the same questions presented in the federal action.[9] As pointed out, all General contends is that the City is without legal authority to pass this ordinance and therefore it asks for an injunction against its enforcement. It can have the same declaration of rights and injunction if the state court agrees with its contentions under the Kansas Declaratory Judgment Act as it seeks in this action. If the state court agrees with General the only issue presented is at an end, and if it disagrees it has had its day in court and the case is completely adjudicated and is likewise at an end. We think the facts of this case bring it within the admonition of the Supreme Court in the Alabama case that the federal court should not interfere when any federal question can be preserved in a state court action and therefore, as stated by the Supreme Court in that case, "Whatever rights appellee may have are to be pursued through the state courts."
 
 
 14
 We think the trial court reached the correct conclusion in denying General any relief but that it erred in entertaining jurisdiction and entering summary judgment; rather it should have refused to entertain jurisdiction, should have dismissed the action without considering the merits and relegated the parties to the state court. The judgment is therefore vacated and the cause is remanded to the trial court to proceed in conformity with the views expressed herein.
 
 
 
 Notes:
 
 
 [1]
 Herein called General
 
 
 [2]
 Herein called the Water Company
 
 
 [3]
 Herein called the City
 
 
 [4]
 See Fed.Rules Civ.Proc. Rule 21
 
 
 [5]
 East Ohio Gas Company v. City of Cleveland, D.C., 23 F.Supp. 965, affirmed 6 Cir., 94 F.2d 443, certiorari denied, 303 U.S. 657, 58 S.Ct. 761, 82 L.Ed. 1116
 
 
 [6]
 This case arose under the Johnson Act, which preceded Section 1342, the two being substantially the same
 
 
 [7]
 See Morgan v. United States, 298 U.S. 468, 56 S.Ct. 906, 80 L.Ed. 1288; Ohio Bell Telephone Company v. Public Utilities Commission, 301 U.S. 292, 57 S.Ct. 724, 81 L.Ed. 1093
 
 
 [8]
 Meredith v. Winter Haven, 320 U.S. 228, 64 S.Ct. 7, 88 L.Ed. 9
 
 
 [9]
 Alabama Public Service Commission v. Southern Railway Company, 341 U.S. 341, 71 S.Ct. 762, 768, 95 L.Ed. 1002