**UNITED GAS CORPORATION**

v.

**CITY OF MONROE, Louisiana.**

No. 6349.

United States District Court
W. D. Louisiana,
Monroe Division.

Sept. 27, 1957, Nunc pro Tunc
Aug. 29, 1957.

W. O. Crain, Shreveport, La., George Gunby, Sholars, Gunby & Guthrie, H. F. Madison, Jr., Madison, Madison, Files & Shell, R. H. Oliver, Jr., Oliver & Oliver, Murray Hudson, Hudson, Potts & Bernstein, Monroe, La., C. Huffman Lewis, John M. Madison, and Vernon W. Woods, Wilkinson, Lewis, Wilkinson & Madison, Shreveport, La., for plaintiff.

Haynes L. Harkey, Jr., Hayes, Harkey and Smith, Kent Breard, McHenry, Lamkin, Snellings & Breard, Monroe, La., for defendant.

BEN C. DAWKINS, Jr., Chief Judge.

This cause having been heard on the motion of plaintiff for a preliminary injunction; service of process having been made, and due notice having been given. to defendant; the Court having considered the evidence in affidavit form, together with the supporting exhibits filed by both parties in Open Court upon hearing; the Court having considered defendant's plea to the jurisdiction, its motion to dismiss, its motion for summary judgment and its answer; and also having studied the briefs of the parties, and the authorities relied on, in advance of the hearing, and having considered the extensive arguments of counsel at the hearing; being fully advised. in the premises, the Court hereby makes and enters the following:

## Findings of Fact

1. Plaintiff United Gas Corporation, is a corporation organized under the laws of the State of Delaware, duly qualified. to do, and doing, business in the State of Louisiana, with its principal office in Shreveport, Caddo Parish, Louisiana.

2. Defendant, the City of Monroe, located in Ouachita Parish, Louisiana, is a municipal corporation created and existing under a charter granted by the Legislature of Louisiana by Act No. 47 of 1900, as amended, and subject to the provisions of Act No. 207 of 1912, as amended, providing for a commission form of government for municipalities, adopted by the City of Monroe on July 17, 1918.

3. The subject matter in controversy between plaintiff and defendant is in an amount substantially in excess of Three Thousand Dollars, exclusive of interest and costs.

4. Plaintiff is, and has been, for many years, engaged in the business of distributing and selling natural gas within the corporate limits of the defendant municipality, by authority of a franchise granted by defendant, for a term of twenty-five (25) years from April 28, 1947. This franchise contains a schedule of rates for natural gas service in the City.

5. On July 1, 1955, plaintiff filed with the Louisiana Public Service Commission a petition asking that Commission for a hearing in order to determine and fix just and reasonable rates for natural gas service rendered by plaintiff in the City of Monroe and other places. Following this application, in which defendant intervened, and in litigation conducted before the State Courts, defendant successfully contended that it, and not the Louisiana Public Service Commission, has regulatory authority over rates for natural gas service within defendant's corporate limits, all as finally determined

by the Supreme Court of Louisiana in its opinion and decree dated June 10, 1957, in the case of the City of Monroe v. Louisiana Public Service Commission, La., 97 So.2d 68.

6. Thereafter, by letter dated June 21, 1957, plaintiff advised defendant of its position that the rates prescribed in the franchise were noncompensatory and confiscatory. It asked defendant for a hearing at which plaintiff would present evidence to support the increased schedule of rates it proposed.

7. In reply, by resolution of defendant's Commission Council dated July 23, 1957, adopted without notice to plaintiff and without hearing upon its application, defendant refused to grant plaintiff a rate hearing, stating that the rates contained in the franchise constituted a binding contract for the duration of the franchise, and that plaintiff could not recede from the schedule of rates set forth therein. It further advised that no useful purpose would be served by granting plaintiff a hearing, and that none would be held.

8. By its affidavits, and other documents in evidence, plaintiff has made a *prima facie* showing that from the distribution and sale of natural gas within defendant's corporate limits, it has suffered actual "out-of-pocket" losses during the preceding three years as follows:

| | |
|---|---|
| 1954 | $207,654.00 |
| 1955 | $184,940.00 |
| 1956 | $281,521.00 |

Additionally, during this time, plaintiff's revenues contributed nothing for depreciation and amortization expense, and plaintiff realized no return upon its investment in facilities.

9. When plaintiff's total cost of rendering service within defendant's corporate limits for the year 1956 is adjusted to reflect known changes which have occurred, revenues under existing rates fail by $714,724 to return the cost of service so adjusted. On the evidence presented, there is every reason to expect

that a similar loss will occur during 1957.

10. The schedule of rates set forth in plaintiff's Exhibit 12 is the same as suggested and requested by plaintiff's letter to defendant of June 21, 1957, (Exhibit 2). Plaintiff, by letter dated July 25, 1957, formally filed this schedule of rates with defendant and advised defendant that it would make said rates effective for all gas used by customers thereafter.

11. Defendant has adduced no evidence controverting the validity of plaintiff's showing as to its entitlement to rate relief; and defendant's counsel have advised the Court that they have no such evidence at this time.

Conclusions of Law

1. Since there is complete diversity of citizenship between the parties, and more than $3,000, exclusive of interest and costs, is in controversy, the Court has jurisdiction of the parties and the subject matter. 28 U.S.C.A. § 1332. Moreover, a Federal question is involved, this being an additional ground of jurisdiction. 28 U.S.C.A. § 1331.

2. Section 18 of Article 19 of the LSA–Louisiana Constitution of 1921 (which has been a provision of the Louisiana Constitution since 1879) forbids abridgment of the police power of the State; and prohibits the bargaining away of authority to fix or contract rates for public utilities. City of New Orleans v. O'Keefe, 5 Cir., 1921, 280 F. 92, 94; City of Baton Rouge v. Baton Rouge Waterworks, 5 Cir., 1929, 30 F.2d 895, 897.

3. This prohibition applies to municipalities vested with authority to grant franchises and fix rates. City of New Orleans v. O'Keefe, supra; City of Baton Rouge v. Baton Rouge Waterworks, supra.

4. The police power of the State to regulate rates for natural gas service within the corporate limits of the City of Monroe has been delegated to defendant, as held by the Supreme Court of Louisiana. City of Monroe v. Louisiana Public Service Commission, supra. The rates

for natural gas service contained in the franchise of April 28, 1947, were rates temporarily settled subject always to the condition that they might be revised either upward or downward in the valid and continuing exercise of the police power.

■ 5. The State constitutional prohibition against abridgment of the police power, which includes the power to fix rates, forbids the permanent fixing of rates by contract and excludes absolutely the existence of the right to enforce, as the result of the obligation of a contract, concededly confiscatory rates for such service, as much as it would forbid the permanent fixing, by such means, of exorbitant rates to the consumers.

■ 6. Plaintiff's only administrative remedy to seek a change in these rates was by its petition to the City of Monroe, which has been denied. When the City of Monroe, without notice or hearing, refused to grant plaintiff an opportunity to present evidence in support of its contention that such a change should be made, and by resolution, in an ordinance officially adopted, practically compelled the rates in the franchise to be continued in effect, plaintiff's administrative remedies were exhausted because the law of Louisiana does not provide for an appeal from, or further administrative review of, the decision of the Commission Council. This suit is plaintiff's only remedy against defendant's arbitrary action.

■ 7. By uncontradicted evidence, plaintiff has shown that its property is being confiscated, and that it has been denied the equal protection of the laws, contrary to the Fifth and Fourteenth Amendments of the Constitution of the United States and of Article 1, Section 2 of the Constitution of Louisiana.

8. This Court is not denied jurisdiction by Title 28 U.S.C.A. § 1342, (the Johnson Act), because defendant's official action, as above described, constituted an "order", made by a subdivision of the State, which affected, and continues to affect, rates chargeable by a public utility, this order having been made without notice or hearing to plaintiff. United Gas Corporation v. City of Monroe, D.C. La.1942, 46 F.Supp. 45, 47; City of Meridian, Mississippi, v. Mississippi Valley Gas Co., 5 Cir., 1954, 214 F.2d 525, 526.

9. In such circumstances, the Johnson Act leaves federal courts free to exercise their equity powers in order to relieve against arbitrary action such as is found here upon the evidence presented. City of Meridian, Mississippi, v. Mississippi Valley Gas Co., supra.

10. Plaintiff does not have an adequate remedy at law.

11. Plaintiff can be protected from further confiscation only by issuance of the preliminary injunction for which it has prayed.

12. Defendant's plea to the jurisdiction, its motion for summary judgment and its motion to dismiss are Denied.