CITY OF MONROE, LOUISIANA,
Appellant,

v.

UNITED GAS CORPORATION,
Appellee.

No. 17007.

United States Court of Appeals
Fifth Circuit.

March 12, 1958.

Rehearing Denied April 30, 1958.

Haynes L. Harkey, Jr., City Atty., George M. Snellings, Jr., Monroe, La., for appellant.

R. H. Oliver, Jr., H. Flood Madison, Jr., Monroe, La., C. Huffman Lewis, Shreveport, La., Murray Hudson, Monroe, La., John M. Madison, Vernon W. Woods, Shreveport, La., for appellee.

Before HUTCHESON, Chief Judge, and JONES and BROWN, Circuit Judges.

HUTCHESON, Chief Judge.

Alleging diversity and federal question jurisdiction, plaintiff-appellee ap-

plied for and on August 22, 1957 obtained a preliminary injunction enjoining defendant-appellant: from continuing to enforce Franchise Ordinance No. 2858 of April 28, 1947, with respect to contract rates fixed thereby and therein; and from interfering with the collection by plaintiff of higher rates unilaterally scheduled and filed with the City on July 25, 1957, with the notice they would be ex parte put into effect on August 1, 1957.

Appealing from the order and asserting its invalidity, appellant is here urging upon us as its primary contentions: (1) that the issuance of the injunction was prohibited by the Johnson Act;[1] and (2) that, if not, its issuance violated the comity which requires remission of the parties to the State Courts of Louisiana for a decision of the State law question which it admittedly presents.

As secondary contentions, it urges that the court erred in holding the franchise ordinance invalid as a contract and the rates it established as without contractual sanction and force.

While the fact that the district judge filed and published an opinion[2] makes it unnecessary for us to state the facts in detail here, a brief statement of the history of the controversy will, we think, help not only to point up the question for decision but to furnish the answer to it.

For many years prior to 1947 United Gas was the supplier of gas to Monroe and its people under a franchise contract which expired by its terms in 1946. At that time the City by public notice advertised for bids for the future supply of gas under municipal franchise. United submitted a proposal which was rejected by the City on June 14, 1946. Thereafter a second proposal of United for a 25-year franchise at specified rates was on March 6, 1947 adopted by the City in a delayed ordinance, subject to approving vote of the electorate; and an election was called for April 22, 1947.

The terms of the proposed franchise were approved by the electorate; and the 25-year franchise ordinance No. 2858 was adopted by the City on April 28, 1947, subject to definitive written acceptance by United, which was executed on May 12, 1947.

These proceedings complied with the statutory authorization and requirements of Louisiana Act 49 of 1934, LSA–R.S. 33:4162, 33:4163, 33:4166 and Louisiana Act 13 of the Third Extra Session of 1934, LSA–R.S. 33:501 et seq. These statutes authorized the City to contract for the purchase and supply of gas, and provided that any such public utility franchise could be granted or amended only by vote of the people.

United supplied gas at the specified rates for approximately eight years until July 1, 1955, when the company made application to the Louisiana Public Service Commission for an increase in rates. A contest of that application extended over two years through the State courts; where it finally eventuated on June 10, 1957, in a determination of the narrow issue of rate regulatory jurisdiction as between the City of Monroe and the Louisiana Public Service Commission. The Louisiana Supreme Court held that the Commission was without jurisdiction; and that the City of Monroe had

---

1. 28 U.S.C.A. § 1342 "Rate orders of State agencies"

"The district courts shall not enjoin, suspend or restrain the operation of, or compliance with, any order affecting rates chargeable by a public utility, and made by a State administrative agency or a rate-making body of a State political subdivision, where:

"(1) Jurisdiction is based solely on diversity of citizenship or repugnance of the order to the Federal Constitution; and,

"(2) The order does not interfere with interstate commerce; and,

"(3) The order has been made after reasonable notice and hearing; and,

"(4) A plain, speedy and efficient remedy may be had in the courts of such States. June 25, 1948, c. 646, 62 Stat. 932."

2. United Gas Corp. v. City of Monroe, D.C., 154 F.Supp. 667.

authority to establish rates by contract or by compulsion. The Supreme Court expressly precluded, however, any substantive determination of the inviolability vel non of the franchise contract of April 28, 1947, as not then at issue. City of Monroe v. Louisiana Public Service Commission, 1957, 233 La. 478, 97 So.2d 56.

Thereupon United on June 21, 1957, submitted to the City Council increased rate schedules which it proposed to put into effect, and requested a hearing thereon. The City on July 23, 1957, refused a hearing on the ground that the rates prescribed in the Ordinance contract of April 28, 1947 were effective for the term of the franchise, and that no useful purpose would be served by a hearing. On July 25, 1957 United unilaterally filed the increased rate schedules with the City, informing the City that it would put them into effect ex parte on August 1, 1957, and on the same date United filed this suit and secured a temporary restraining order from the United States District Court.

The City opposed issuance of the injunction by motion to dismiss and motion for summary judgment; contending (1) that the Court was jurisdictionally prohibited by the Johnson Act from granting injunctive relief; (2) that plain and adequate remedies were available in the State courts, to which the parties should be remitted under the "Pullman doctrine" for prior determination of untested questions of Louisiana Constitutional and statutory construction; (2) that the franchise contract ordinance of April 28, 1947, and the rates therein prescribed were inviolable as a matter of law; and (4) alternatively, that the rates prescribed for direct purchases of gas by the City as a consumer should be saved from the injunction.

The restraining order was converted into an interlocutory injunction on April 29, 1957, which enjoined the City "from hereafter maintaining and enforcing the rates contained in the franchise dated April 28, 1947, and from hereafter prohibiting or in any way interfering with

United Gas Corporation in the assessment and collection of rates for natural gas service in the City of Monroe as set forth in Exhibit numbered 12 attached to the complaint, until other lawful rates are established", and this appeal followed.

In support of its first contention that the Johnson Act forbids the suit and the injunction, appellant cites Kansas-Nebraska Natural Gas Co. v. City of St. Edwards, 8 Cir., 234 F.2d 436, and City of El Paso v. Texas Cities Gas Co., 5 Cir., 100 F.2d 501; to which may be added General Inv. & Service Corp. v. Wichita Water Co., 10 Cir., 236 F.2d 464; while appellee cites and relies upon United Gas Corp. v. City of Monroe, D.C., 46 F.Supp. 45; Petroleum Exploration v. Public Service Commission, 304 U.S. 209, 58 S.Ct. 834, 82 L.Ed. 1294, and City of Meridian, Miss. v. Mississippi Valley Gas Co., 5 Cir., 214 F.2d 525.

In support of the second primary contention it cites Railroad Commission of Texas v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 and Leiter Minerals, Inc. v. United States, 352 U.S. 220, 77 S.Ct. 287, 1 L.Ed.2d 267; to which may be added General Inv. & Service Co. v. Wichita Water Co., supra; Alabama Public Service Comm. v. Southern Ry. Co., 341 U.S. 341, 71 S.Ct. 762, 95 L.Ed. 1002, and Atlantic Coast Line R. Co. v. City of St. Petersburg, 5 Cir., 242 F.2d 613; while appellee cites and relies on Meredith v. City of Winter Haven, 320 U.S. 228, 64 S.Ct. 7, 88 L.Ed. 9.

For the reasons hereafter briefly stated, we agree with appellant's primary contentions and will therefore not set out or consider its secondary contention. It is affirmed by both and denied by neither of the parties that the matter in controversy in this suit is an order affecting rates. They disagree as to the order involved. Plaintiff insisted below, and the district judge agreed with it, that the resolution of July 22, 1957, in which the City stood upon the 1947 franchise ordinance is the order under review. Here saying, "By this resolution or order the City decided the question

here at issue", appellee declares of it, "It denied to United a rate increase and ruled that the franchise rates would be continued in effect", and urged this view upon us as correct.

Appellant, in its reply brief, thus states its counter view:

"The City did none of those things. It simply refused a hearing because no useful purpose would have been served thereby at that time in view of the unimpeached rate-franchise ordinance of April 28, 1947. The City's resolution did not decide anything; it did not rule anything; and it did not deny United a rate increase. Appellee can call this refusal of a hearing "an order affecting rates" at every page of its brief to try to escape the Johnson Act; but calling it that will never make it so.

"The only order or ordinance in effect when this suit was filed was the rate-franchise ordinance of April 28, 1947, (enacted after notice, hearing and negotiation by United), and it is the enforcement of that ordinance which the District Court enjoined in contravention of the Johnson Act. The City on July 22, 1957, neither changed rates, fixed rates, nor denied a rate increase. The City has authority as to rates by contract or compulsion; but no judicial authority to determine the inviolability of the contract of April 28, 1947. All the City did was to advise United that a rate hearing would be a vain and useless thing until and unless the violability of that contract was lawfully determined by the Courts.

"In its effort to escape the Johnson Act, appellee relies chiefly upon this Court's decision in the Meridian Case (214 F.2d 525—1954). That case has neither controlling nor persuasive effect because there admittedly the City prescribed rates by formal ordinance without notice or hearing; and the question (correctly answered in the negative) was whether notice and hearing could be waived under the Johnson Act on the ground that a rate ordinance was legislative."

■■ We think it clear that the appellant's view, that the court erred in taking jurisdiction and issuing the injunction, is right. Appellee's view that it did not is wrong. None of the cases relied on by appellee support its view. In each of them there was an order affecting rates, which was entered without notice and hearing. In each of them there was "arbitrary action". Particularly will its reliance on the Meridian case not do. Here the order affecting rates was the 1947 franchise ordinance which, enacted under statutory authority, after a hearing and by agreement, was also approved by a vote of the people, and the only question for decision is whether, as the city claims, that ordinance was, or as the United claims, was not, valid under state law, so as to give contractual force and sanction to the binding rates it fixed, a question which under all the authorities, state and federal, is a question of state law, to be settled and determined by the state courts in the light of that law as it is or may be now declared.[3]

On the other hand, the cases cited above for appellant's view fully support it. This is particularly true of the General Investment case. There, quoting from the Alabama Public Service Commission case, supra [236 F.2d 468],

---

3. Home Telephone & Telegraph Co. v. City of Los Angeles, 211 U.S. 265, 29 S. Ct. 50, 53 L.Ed. 176; Columbus Ry. Power & Light Co. v. City of Columbus, 249 U.S. 399, 39 S.Ct. 349, 63 L.Ed. 669; Southern Iowa Electric Co. v. City of Chariton, 255 U.S. 539, 41 S.Ct. 400, 65 L.Ed. 764; City of San Antonio v. San Antonio Public Service Co., 255 U.S. 547, 41 S.Ct. 428, 65 L.Ed. 777; St. Cloud Public Service Co. v. City of St. Cloud, 265 U.S. 352, 44 S.Ct. 492, 68 L.Ed. 1050; City of Texarkana, Tex. v. Arkansas Louisiana Gas Co., 306 U.S. 188, 59 S.Ct. 448, 83 L.Ed. 598, reversing 5 Cir., 97 F.2d 5, and distinguishing City of San Antonio v. San Antonio Public Service Co., supra.

"Whatever rights appellee may have are to be pursued through the state courts", and stating:

"This is not a case where General concedes the authority of the City to pass an ordinance fixing a water rate for the City but challenges the established rate on the ground that it is unauthorized by law. The only issue in the case as presented by General is that the ordinance is void for want of statutory power to enact."

the court held that both under Sec. 1342 and upon principles of comity the district court "should have refused to entertain jurisdiction, should have dismissed the action without considering the merits and relegated the parties to the state court."

■ Of appellant's alternative primary contention, little need be said than that if, as the court did in the General Investment & Service Company case, 236 F.2d at page 468, we should concede without deciding that Sec. 1342 did not deprive the court of jurisdiction, we must still conclude under the cases cited, supra, in support of that contention, that the court should have denied plaintiff the right to proceed in the federal court. In Alabama Public Service Comm. v. Southern Ry. Co., supra, 341 U.S. at page 350, 71 S.Ct. at page 768, the court, stating:

"The usual rule of comity must govern the exercise of equitable jurisdiction by the District Court in this case. Whatever rights appellee may have are to be sued through the state courts." [4]

went on to say that, though the order of the commission involved in this case is not one affecting appellee's rates and the Johnson Act is not applicable, jurisdiction should not be exercised in the case as a matter of sound equitable discretion.

The judgment is therefore vacated and the cause is remanded with directions to dismiss the suit and remit the parties to the state court.

JONES, Circuit Judge.

I concur in the result.

---

4. Burford v. Sun Oil Co., 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424; Railroad Commission of Texas v. Rowan & Nichols Oil Co., 311 U.S. 570, 577, 61 S.Ct. 343, 85 L.Ed. 358; Railroad Commission of Texas v. Rowan & Nichols Oil Co., 310 U.S. 573, 60 S.Ct. 1021, 84 L.Ed. 1368, as amended 311 U.S. 614, 615, 61 S.Ct. 66, 85 L.Ed. 390; Railroad Commission of Texas v. Pullman Co., 312 U.S. 496, 500, 61 S.Ct. 643, 85 L.Ed. 971.