GEORGE ANDREWS v. CITY OF WINTER HAVEN, a municipal corporation, of the County of Polk and State of Florida.

3 So. (2nd) 805
En Banc
Opinion Filed September 13, 1941

H. C. *Crittenden,* and W. H. *Hamilton,* for Appellant.

*Henry Sinclair,* for Appellee.

TERRELL, J.—On May 1, 1933, the City of Winter Haven had a bonded debt of more than two million dollars, much of which was in default. For the purpose of refunding such indebtedness refunding bonds in the sum of $2,148,054.78, designated as City of Winter Haven General Refunding Bonds, Issue of 1933, Series "A" and "B" were authorized and issued.

Series "A" bonds were for the purpose of refunding the original bonds of the City bearing six per cent interest and Series "B" bonds were for the purpose of refunding the original bonds of the City bearing five and one half per cent interest. All bonds of both series were dated April 1, 1933. The full quota of both series was issued but a small percentage of the original bondholders declined to exchange for the refunding bonds of 1933.

Each refunding bond of the 1933 issue contained a graduated interest payment provision and a provision for calling on any interest payment date according to a designated schedule. Each refunding bond also included a "deferred interest coupon" to represent the difference between the interest rate on the original bonds and the refunding bonds as follows:

"No......          On the First Day of          $145.00
                          April, 1963

the City of Winter Haven, Polk County, Florida, will pay to bearer at the Central Hanover Bank and Trust Company of New York City, in the City of New York, New York, the sum of

One hundred forty-five and no-100 Dollars
($145.00)

being the then enforcible, collectible and deferred interest on its City of Winter Haven General Re-

funding Bond Issue of 1933, Series "A" dated April 1, 1933, unless said bond shall have been theretofore called for redemption."

On January 1, 1941, the total indebtedness of the City of Winter Haven was $2,150,720.36, slightly above the 1933 amount and was represented by the principal, accrued and defaulted interest on refunding bonds, and judgments on bonds not exchanged for the 1933 refunding bonds but none of it was represented by the "deferred interest coupons." In October, 1940, the City entered into contract to refund its outstanding indebtedness so stated which contract contemplated all 1933 refunding bonds but did not include payment of any portion of the "deferred interest coupons" therein. The latter refunding bonds were dated January 1, 1941, and have been validated by decree of the Circuit Court.

Under the new refunding contract, the City proposes to sell at not less than par all unexchanged refunding bonds of the 1941 issue but makes no provision for paying any part of the "deferred interest coupons" on any of the 1933 refunding bonds in the event of redemption. In this the City takes the position that the "deferred interest coupons" are void and no part of them should be paid.

On advice of such determination by the City, George Andrews, a holder of 1933 refunding bonds, brought this suit in equity and prayed for a declaratory judgment to have his right in said bonds adjudicated. The bill of complaint alleges that in the event the 1933 refunding bonds are called prior to April 1, 1943, at 50 per cent of the face amount or $72.50 per coupon for each $1000 bond which is in keeping with

the terms of the contract, the deferred interest coupons" shall bear this amount and be paid. The bill further prayed that the City be required to levy $120,000.00 each year on all taxable property to service the refunding bonds of 1933 or for such as remained unexchanged and that the City be enjoined from using any of said funds to service the January, 1941, refunding bonds.

In its answer to the bill of complaint, the City alleges that the "deferred interest coupons" are invalid and in violation of Section 6, Article IX of the Constitution but it is not contended that such invalidity goes to the face of the bonds. It is further contended that the "deferred interest coupons" are invalid in that the refunding agency secured a fee of $35,100.00 from the debt service fund which enlarged the indebtedness, that the "deferred interest coupons" constituted a new and different feature not contained in the refunding bonds, was not an obligation of the city at the time the refunding bonds were issued and constituted an increased burden on the public which was not approved by the freeholders as required by Sec. 6, Art. IX of the Constitution.

The answer further averred that the refunding bonds of 1941 bore a lower rate of interest than the refunding bonds of 1933 and that an exchange of any bonds at present outstanding for refunding bonds of 1941 would be to the advantage of the holder and that being a continuation of the same obligation, the City could service the 1941 refunding bonds with taxes levied to service the 1933 refunding bonds and not violate its contracts with holders of 1933 refunding bonds.

With the issue so made on bill and answer before

the chancellor or final hearing, he decreed that the deferred interest coupons were unauthorized and void, that they were severable and should be eliminated from the refunding bonds and that when eliminated, the refunding bonds were callable at par plus accrued interest as if the deferred interest coupons had not been written in the face of the bonds. This appeal is from the final decree.

Appellants have argued seven questions but in the interest of clarity we reduce them to two, viz: (1) Were the deferred interest coupons attached to the refunding bonds of 1933 valid and enforceable? and (2) In the execution of its 1940 refunding contract, has the City in all respects dealt equitably with the holders of refunding bonds of 1933 as compared with the holders of refunding bonds of 1941?

In answer to question one, on authority of Outman v. Cone, 141 Fla. 196, 192 So. 611 and Taylor v. Williams, 142 Fla. 402, 195 So. 175; 142 Fla. 562, 195 So. 184, we are impelled to hold the deferred interest coupons void and non enforceable but that they may be severed from other provisions of the refunding bonds which may then be called under the terms of the contract.

In answer to the second question, it is sufficient to say that the contract and face of the 1933 refunding bonds provide for their call on any interest bearing date. The City has annually imposed taxes to service them and pursuant to the 1940 refunding contract, the City authorized the refunding issue of 1941 to refund the entire indebtedness of the City at a permanently reduced rate of interest all of which was in keeping with the 1933 contract.

The chancellor held that if the City failed to pro-

vide funds to call the 1933 bonds as provided in the 1940 contract and holders of 1933 refunding bonds refused the exchange for 1941 refunding bonds, the holders of 1933 bonds would be in position to enforce a levy to service them. We have examined the holding of the chancellor on this and all other points and we find no respect in which the holders of 1933 bonds were discriminated against in favor of the holders of 1941 bonds. Tax levies are available to service both issues and no lawful right has been infringed. In fact it is shown that in treating both issues, the City has striven to maintain its integrity.

His decree is in all respects affirmed.

Affirmed.

WHITFIELD, BUFORD, CHAPMAN, THOMAS and ADAMS, J. J., concur.

BROWN, C. J., concurs in judgment of affirmance.