BARNARD et al. v. CAREY, Collector of Internal Revenue.

Civil Action No. 22716.

District Court, N. D. Ohio, E. D.

March 20, 1945.

540

Victor S. Leanza, of Cleveland, Ohio, for plaintiffs.

Samuel O. Clark, Jr., Asst. Atty. Gen., Andrew D. Sharpe and Frederic G. Rita, Sp. Assts. to Atty. Gen., and Don C. Miller, U. S. Atty., and F. B. Kavanagh, Asst. U. S. Atty., both of Cleveland, Ohio, for defendant.

WILKIN, District Judge.

This case was presented on a motion for an order enjoining and restraining the defendant from enforcing any of the provisions of the Act of August 2, 1886, as amended, 26 U.S.C.A. Int.Rev.Code, § 2300 et seq., until final adjudication of the case. The complaint alleges that the plaintiff Barnard is a dealer in and the plaintiff Butler is the manufacturer of "Soya Butter", a product made exclusively from soya beans and other vegetable products; that the defendant is the Collector of Internal Revenue and as such is threatening to impose a tax upon such product and require it to be labeled "oleomargarine".

The complaint further alleges that the Federal Security Agency had analyzed plaintiffs' product and found it to be a wholesome and nutritious article of food, but nevertheless threatened plaintiffs with penalties imposed by the Federal Food, Drug, and Cosmetic Act, Title 21 U.S.C.A. § 301 et seq., if said product be labeled "oleomargarine". Because of such conflicting findings, orders, and threats, plaintiffs have been unable to market their product in spite of an insistent demand for it.

At the hearing on the motion plaintiffs offered in evidence a photostatic copy of a letter dated November 13, 1942, addressed to the Butler Food Products, attention H. O. Butler, and signed by D. S. Bliss, Deputy Commissioner, stating that according to the analysis of the Treasury Department the product was found to be oleomargarine and that it would be necessary therefore for the manufacturer to comply with the provisions of "Section 2302 of the Code and Regulations No. 9", Title 26 U.S.C.A. Int. Rev.Code, § 2302(b). Plaintiffs also offered in evidence a photostatic copy of letter dated October 31, 1942, addressed to H. O. Butler, Director Butler Food Products, and signed by C. W. Crawford, Assistant Commissioner of Food and Drugs, stating: "It is our understanding that you are familiar with the standard for oleomargarine promulgated under the terms of the Federal Food, Drugs & Cosmetic Act. The product you describe is not in conformity with that standard and can not be sold as oleomargarine within the jurisdiction of that Act", etc.

These conflicting administrative orders were admitted by counsel for defendant. It was argued, however, that this court was without power to grant relief; that this court was prohibited by Title 26 U.S.C.A. Int.Rev.Code, § 3653, from issuing any order restraining the assessment or collection of the tax by the Collector of Internal Revenue. It was further argued that the sections of the Code under which the Collector acted gave him express authority to determine what was oleomargarine and to assess and collect the tax imposed upon that product and issue a distraint against any dealer who attempted to sell such product unless it be labeled "Oleomargarine"; and that therefore this court was without power to interfere with the exercise of such authority by the Collector.

When the court inquired whether all the arguments advanced for the Collector could not also be advanced in support of the order of the Commissioner of Foods and Drugs, it was admitted that they could be. The court therefore found itself in the

position where, if it adopted those theories, it would today be obligated to sustain the order of the Collector distraining the plaintiffs' product because not labeled "oleomargarine", and then tomorrow might be obliged to sustain the order of the Commissioner of Foods and Drugs distraining the product because it was labeled "oleomargarine". United States v. 2 Bags,—Each Containing 110 Pounds, Poppy Seeds, 6 Cir., 147 F.2d 123.

Such is the natural outcome of regulation by unrestrained and uncoordinated administrative orders instead of by principles of enacted law. When different administrative agencies are empowered by Congress to make rules and regulations applying to the same subject matter there is bound to be conflict and confusion. If such conflicting orders are absolute and must be enforced, property is in effect confiscated without compensation and citizens are put out of business. Where, however, the laws applicable to a product or business are enacted by Congress, the processes of legislation tend to exclude and avoid contrary provisions.

■■■ As to the power of this court to grant relief so far as the conflicting orders regarding labeling are concerned, it seems that the general equitable jurisdiction conferred by Title 28 U.S.C.A. § 41(1) is sufficient. The Hecht Co. v. Bowles, Price Admr., 321 U.S. 321, 64 S.Ct. 587, 88 L.Ed. 754; Meredith v. Winter Haven, 320 U.S. 228, 235, 64 S.Ct. 7, 88 L.Ed. 9; Sprague v. Ticonic Bank, 307 U.S. 161, 164, 59 S.Ct. 777, 83 L.Ed. 1184, note 1; Miller v. Standard Nut Margarine Co., 284 U.S. 498, 510, 52 S.Ct. 260, 76 L.Ed. 422; 1 Pomeroy's Equity Jurisprudence, Sec. 294. The very inception of equitable jurisdiction was based in humanity's need for relief against the severity of arbitrary rules. The history of Roman law proves this, and that history has been repeated in Anglo-Saxon and American jurisprudence.[1] In countries adhering to that system of jurisprudence it has long been considered an inherent power of courts to grant relief against legislative enactments or executive orders which were found to be impossible of performance, contradictory in terms, or contrary to the accepted dictates of right reason and good conscience.[2] The benefits of constitutional government would be far removed ·from the people if such power should not vest in local courts or courts of first instance.[3]

The plaintiffs are not entitled to an order restraining the assessment or the collection of the tax because the law affords them an adequate remedy if the tax should be invalid. Title 28 U.S.C.A. § 41 (20). · There is no adequate remedy at law, however, against the conflicting orders concerning labeling. This court therefore denies the motion in part and sustains it in part. The Collector should be restrained from distraining the plaintiffs' product, provided the tax upon such product is paid. The Collector should be restrained, moreover, from requiring that the product be labeled "oleomargarine" before sale. The plaintiffs should be permitted to sell their product pending the final determination of this case provided they label the product "Soya Butter" and set forth in such label its principal ingredients according to law.

The Federal Security Agency now charged with the administration of the Federal Food, Drug, and Cosmetic Act, ought, if possible, to be made a party defendant herein or at least afforded the opportunity to come into this case in order that all interests might be before the court and all parties heard before it is determined which if either of the conflicting orders is lawful and enforcible.

---

[1] Sohm's Institutes of Roman Law (Ledlie) 2d Ed., 74, 75 et seq.

Scrutton: "Roman Law Influence in Chancery", etc., I Select Essays in Anglo-Am. Leg. Hist., 214, 216, 218.

Spence: "Hist. of the Court of Chancery", II Select Essays in Anglo-Am. Leg. Hist., 219, 220.

Wilson: "Courts of Chancery in the American Colonies", II Select Essays in Anglo-American Leg. Hist. 779.

Fisher: "The Administration of Equity", etc., II Select Essays in Anglo-American Leg. Hist. 810.

[2] Pound: "The Spirit of the Common Law", Chap. III, The Courts and the Crown.

[3] Pound: "The Development of Constitutional Guaranties of Liberty", — Notre Dame Lawyer —.