**John CONNER, Plaintiff,**

v.

**Joseph R. BRIERLEY, Warden, State Correctional Institution at Pittsburgh, and Sargeant Carothers, Guard, et al., Defendants.**

**Civ. A. No. 72-620.**

United States District Court,
W. D. Pennsylvania.

Nov. 2, 1972.

John Conner, pro se.

J. Shane Creamer, Atty. Gen., Donetta Wypiski, Asst. Atty. Gen., Pittsburgh, Pa., for defendants.

MEMORANDUM and ORDER

McCUNE, District Judge.

John Conner, an inmate at the State Correctional Institution at Pittsburgh, Pennsylvania, has filed an in forma pauperis complaint alleging a violation of

his civil rights in violation of 42 U.S.C. § 1983 and § 1985.

On September 26, 1972, we denied defendants' motion to dismiss. Subsequently defendants filed an answer, affidavit and motion for summary judgment. Plaintiff then responded with what we construe to be a cross-motion for summary judgment.

Plaintiff alleges in his complaint that "On the 29th day of June, 1972, defendant Sargeant Carothers came into the plaintiff's cell and confiscated a letter ready for mailing, addressed to Allyn Sielaff, Commissioner of Correction, Box 200, Camp Hill, Pennsylvania." He alleges that he "made numerous requests to the Defendant Carothers for the return of the confiscated letter, and was told that the defendant Brierley had the said letter; the letter was never returned to the plaintiff."

Plaintiff requests that this court order defendants "to return the said letter to the plaintiff forthwith, and to stop and desist from confiscating any letters, petitions or legal mail from the plaintiff, by way of this Honorable Court issuing an injunction. . . ."

Defendants' answer and motion for summary judgment, supported by Sargeant Carothers' affidavit, avers that on June 29, 1972, Carothers was reliably informed that the plaintiff was circulating a petition to the Commission of Corrections among the inmates. He was further informed that the petition was causing a disturbance among the inmates and was likely to lead to disruptions of order and discipline. Under instructions from superior officers, Carothers went to plaintiff's cell and requested to be given the petition. Plaintiff complied but retained three copies. The petition concerned an alleged altercation that had occurred between two inmates which the prison officials had allegedly failed to do anything about. It

then bore three signatures. The motion and affidavit further aver that Carothers investigated the allegations in the petition and determined they had no basis in fact. Both the supposed victim and aggressor, according to the affidavit, denied that the incident had occurred. Following the investigation the petition, which Carothers had passed on to his superiors, was lost and its whereabouts is now unknown.

We do not think that summary judgment is the proper disposition for the case at this stage from a technical viewpoint. There appears to be some dispute over material facts, or at least it is not clear from the record whether there is a dispute over material facts. Therefore both defendants' and plaintiff's motions for summary judgment are denied.

■■■ We will on our own motion, however, dismiss the complaint as frivolous pursuant to 28 U.S.C. § 1915(d).

Allowing this case to proceed would be a fruitless exercise since we would be either unable or undisposed to grant the relief plaintiff requests.

Plaintiff first requests that his letter or petition be returned to him. The defendants have answered that it has been lost. Obviously this court cannot command defendants to do the impossible by finding the letter and returning it.

Second, plaintiff requests that we enjoin the defendants from interfering with his legal mail. Even if we accepted all plaintiff's allegations as true we would not issue the injunction.

Except in unusual cases, whether an injunction should issue is a decision that rests with the sound discretion of the court. "An appeal to the equity jurisdiction conferred on federal district courts is an appeal to the sound discretion which guides the determinations of courts of equity." Meredith v. City of Winter Haven, 320 U.S. 228, 235, 64 S. Ct. 7, 11, 88 L.Ed. 9 (1943). The proc-

ess of determining the propriety of injunctive relief is often referred to as "balancing the equities" or as drawing the "balance of convenience." 7 Moore's Federal Practice, ¶ 65.18(3) (2d ed. 1972), citing cases.

The balancing process here does not tip to plaintiff's favor. Plaintiff's injury is so slight and further proceedings would cause inconvenience so great to the defendants and the government that we think we can justifiably say the equities rest with the defendant. Accepting everything plaintiff alleges as true he still only charges one instance of interference with his First Amendment rights. Even then it apparently did not significantly affect his right to petition the government for a redress of his grievances: thirteen days after the incident in question this suit was filed. Further, the plaintiff does not allege there has been any past or will be any future pattern of interference with his mail. His claim for relief rests solely on this one incident.

On the other hand, if this suit were to proceed to a hearing or whatever else might be involved the defendants and the government would be put to significant inconvenience and expense. It would require that both defendants, the prison warden and a prison guard (and perhaps other prison officials), would have to leave their duties at the institution to come to court for the hearing; the time of the court and court personnel would be consumed by a relatively inconsequential matter; and the routine and order among the inmates of the prison would be disrupted by bringing the plaintiff and whatever witnesses he might call to the hearing.

On balance, therefore, we think the consequences of permitting this suit to proceed outweigh any benefits which would accrue to plaintiff if his relief was ultimately granted.

The complaint shall be and hereby is ordered dismissed. It is so ordered.