**SECURITIES AND EXCHANGE COM-MISSION, Plaintiff,**
**Securities Investor Protection Corpo-ration, Applicant,**

v.

**OXFORD SECURITIES LTD.,**
**Defendant.**

**No. 73 Civ. 322.**

United States District Court,
S. D. New York.

Jan. 26, 1973.

William D. Moran, Acting Regional Administrator, S. E. C., New York City, for plaintiff; William Nortman, Thomas R. Beirne, Ossinging, N. Y., and Michael T. Gregg, New York City, of counsel.

Theodore H. Focht, Gen. Counsel, Washington, D. C., for applicant; James S. Armstrong, Jr., and Francis L. Carter, Washington, D. C., of counsel.

Schulman & Gasarch, New York City, for defendant.

## OPINION

MacMAHON, District Judge.

This matter presents for our consideration two applications for equitable relief. The first application is by the Securities and Exchange Commission ("Commission") for a final judgment of permanent injunction by consent. The second application is by Securities Investor Protection Corporation ("SIPC") for varied injunctive relief and the appointment of persons specified by it as trustee and as attorney to represent him in liquidating the business of the defendant.

We grant the application of the Commission since it involves nothing but the issuance of a consent decree. We are constrained, however, to deny the application of SIPC for several reasons.

SIPC's application is based upon the Securities Investor Protection Act of 1970 ("the Act"), 15 U.S.C. § 78aaa et seq.

Section 5(b)(3) of the Act, 15 U.S.C. § 78eee(b)(3), provides:

"if the court grants an application and makes an adjudication under paragraph (1), the court shall forthwith appoint as trustee for the liquidation of the business of the debtor in accordance with section 6, and as attorney for such trustee, such persons as SIPC shall specify. No person shall be appointed as such trustee or attorney if such person is not 'disinterested' within the meaning of section 558 of Title 11."

On its face, § 5(b)(3) leaves no room whatever for the exercise of judicial discretion in the selection of a trustee or his attorney. Nor does it direct the performance of any judicial act, nor the performance of any act in any judicial manner. Rather, it appears to mandate a purely ministerial duty without the exercise of any judicial function whatever. This, to say the least, is a radical departure from traditional equity practice. Hecht Co. v. Bowles, 321 U.S. 321, 64 S.Ct. 587, 88 L.Ed. 754 (1944); Securities & Exchange Comm. v. Frank, 388 F.2d 486, 491 (2d Cir. 1968).

■■ "An appeal to the equity jurisdiction conferred on federal district courts is an appeal to the sound discretion which guides the determinations of courts of equity." Meredith v. Winter Haven, 320 U.S. 228, 235, 64 S.Ct. 7, 11, 88 L.Ed. 9 (1943). Moreover, the purely ministerial duty mandated to the court is not only outside the judicial powers vested in the courts by the constitution but also offends the separation of the powers of the legislative, judicial and executive branches of the government. See Hayburn's Case, 2 U.S. (2 Dall.) 409, 11 L.Ed. 436 (1792); L. Jaffe, Judicial Control of Administrative Action 100 (1965). Worse, it directs the court to participate in a sham and false representation that it has appointed a trustee and an attorney to represent him when, in fact, it has not made such appointments and does not even know, much less choose, the persons to act in those capacities.

■ We do not believe that we can constitutionally, and we are certain that we cannot conscientiously participate in such a sham. Nor can a court of equity accept responsibility for the appointment of a trustee and an attorney to represent him when it has not made a careful selection of those persons based upon the needs of the case and their particular qualifications of character and professional ability for those offices.

Accordingly, the application of the Commission for a final judgment of per-

manent injunction on consent is granted. The application of SIPC for an order granting varied injunctive relief and the appointment of the persons specified by SIPC as a trustee and an attorney to represent him is in all respects denied.

The foregoing opinion constitutes this court's findings of fact and conclusions of law, in accordance with Rule 52(a), Fed.R.Civ.P.

So ordered.