**MINUTE MAN OF AMERICA, INC.**

v.

**COASTAL RESTAURANTS, INC.**

**Civ. A. No. 3-8010-F.**

United States District Court,
N. D. Texas,
Dallas Division.

Feb. 18, 1975.

Roger C. Clapp, Dallas, Tex., for plaintiff.

Howard E. Moore and Gerald G. Crutsinger, Dallas, Tex., for defendant.

### MEMORANDUM OPINION AND ORDER

ROBERT W. PORTER, District Judge.

This is a case involving the trademark "Minute Man" which both Plaintiff and Defendant are using in connection with their respective fast-service food operations. The Defendant's (Coastal) service mark was registered in 1961 by its predecessors in title under the Texas Trademark Statute, V.T.C.A., Bus. & C. § 16.01 et seq. (1968), but it has not been registered under the Federal Trademark Act, 15 U.S.C. § 1051 et seq. (1972). Plaintiff's (Minute Man) mark was registered under the Federal Act in April, 1969.

Minute Man is an Arkansas corporation with outlets in six states including three Texas locations—one in Dallas, one in Lewisville, and a third in Plano. Coastal operates only in Texas with two restaurants in Houston. It has announced its intentions to expand its op-

erations in other areas of Texas, notably in Plano. The basic issue of the litigation is which of these parties has the right to use the "Minute Man" trademark in Texas, or if both have some right, to what extent do their respective rights reach.

Coastal took the first affirmative legal step in this dispute when it filed a suit in Texas state court (Collin County) alleging trademark infringement by the Plaintiff and its Plano franchisee. Coastal has also brought an administrative proceeding in the District of Columbia before the Trademark Trial and Appeal Board of United States Patent Office seeking to cancel Minute Man's federal trademark. Coastal's claim is that its prior-in-time registration under the Texas statute gives it the right to use the trademark throughout the state. Minute Man answered both actions and filed this suit alleging infringement of its federal trademark based on its claim that the federal registration totally preempted the Texas registration of the Defendant. Minute Man further argues that if the preemption is not total that it is at least effective in all parts of Texas in which the Defendant was not actually operating at the time that Minute Man registered under the Federal Act.

Now before the Court is Coastal's Motion to Dismiss with an alternative motion to stay based, *inter alia*, on the assertion that the Federal Court should abstain from deciding this case in order to allow the Texas state courts an opportunity to decide the effect of the Texas Trademark Act. There is a substantial question of substantive trademark law regarding the effect of a prior-in-time state registration (that is a state registration prior to a subsequent federal registration). Again, the Defendant Coastal argues that its effect is to give it the right to use the mark throughout Texas while the Plaintiff asserts that the federal mark totally preempts the state registration regardless of the state mark's prior-in-time nature. Alterna-

tively, Minute Man urges that the prior-in-time state registration by Coastal results in only a limited right to use the mark, the limitation being the area of the state within which Coastal was actually operating at the time of the Plaintiff's federal registration.

In McCarthy on Trademarks and Unfair Competition, Vol. 2, § 22:2, p. 8, the author stated that:

"State trademark law and registrations cannot override rights or limitations provided by federal law for federal registration. That is, when state rules conflict with federal law, the federal trademark law preempts state rules. For example, *the obtaining of a state registration prior to another's obtaining of a federal registration cannot operate to preempt the whole state by the state registrant when federal law provides that a state registrant in such a situation can only use the mark in a given territorial area defined by federal law.* State trademark law cannot override defenses provided by federal law against federally registered marks." (Emphasis added)

In Burger King of Florida, Inc. v. Hoots, 403 F.2d 904 (7th Cir. 1968), the Seventh Circuit "defined federal law" as entitling the owner of a prior state mark to its use only in the specific area in which he actually used it. 403 F.2d at 908. See also Mister Donut of America, Inc. v. Mr. Donut, Inc., 418 F.2d 838 (9th Cir. '62) and Philco Corporation v. Phillips Manufacturing Company, 133 F.2d 663 (7th Cir. '43).

■ Although this question of substantive law is not now before the Court, it is relevant to the abstention issue because if the state court were to make either of the interpretations espoused by Minute Man, it would make unnecessary a determination by a federal court of the Plaintiff's federal mark —or more properly stated,—it would reduce the question to only a matter of supremacy. Thus, there is no question

that if this Court were to abstain, there is a substantial possibility that the litigation would end in the state courts.[1]

This situation, however, does not fit into classic abstention terms. The touchstone of an abstention analysis is the Supreme Court's opinion in Railroad Commission of Texas v. Pullman Company, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). The *Pullman* Doctrine calls for abstention when a state statute is being questioned as invalid under the Federal Constitution.[2] The courts have deferred ruling in this situation apparently hoping that the state courts would so interpret the state statute so that it would not be unconstitutional. The present case presents no claim of federal invalidity of a state statute. It only calls for an interpretation of a federal statute, and the jurisdiction of this Court arises under federal law.[3] Actually, no question of state law is presented. Again when abstention has been ordered in the usual case, it is because a question of state law could be controlling.[4] It really cannot be controlling in this case because there simply is no question of state law presented.

Of course, there is a constitutional matter to be considered by this Court—that is the matter of supremacy—and that issue could be avoided by a certain interpretation of state law by the state court. The Supreme Court, however, held in the 1949 case of Propper v. Clark that where only a matter of federal statutory interpretation with respect to a conflicting state statute is presented, then a constitutional question calling for abstention was not present. 337 U.S. 472, 490 (1949). See generally, Moore on Federal Practice, ¶ 0.203 [2] at n. 12 and 18.

The Fifth Circuit was recently presented with a similar problem in Gray Line Motor Tours, Inc. v. City of New Orleans, 498 F.2d 293 (5th Cir. 1974), a case wherein the Court found that abstention was proper. The Plaintiffs in *Gray Line* complained that a municipal gross receipts tax was constitutionally invalid under both state and federal law. The Court affirmed abstention by the trial court saying that the matter could be decided under state law and that therefore there was no reason for the federal court to intervene.[5]

1. Other than recognizing the relevance to abstention principles, I do not express at this time any opinion on the merits of the Plaintiff's trademark claims.

2. None of the other generally recognized forms of abstention are applicable in this situation. See Burford v. Sun Oil Co., 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943) (avoiding interference with state administration of local activities); P. Beiersdorf and Company v. McGohey, 187 F.2d 14 (2nd Cir. 1951) (convenience of court); see also, n. 4, *infra*.

3. Actually, the complaint does allege diversity of citizenship as a jurisdictional basis under 28 U.S.C. § 1332 (1972). Despite this fact, no claim for relief under state law is plead and I consider the jurisdiction of this court to be purely grounded in the federal statutes.

4. A body of cases also suggest that in a diversity case abstention may be proper simply when a controlling question of state law is unclear irrespective of constitutional issues. See Clay v. Sun Insurance Office, Ltd., 363

U.S. 207, 80 S.Ct. 1222, 4 L.Ed.2d 1170 (1960) ; United States Life Insurance Company v. Delaney, 328 F.2d 483 (5th Cir.) cert. denied, 377 U.S. 935, 84 S.Ct. 1335, 12 L.Ed.2d 298 (1964) ; but see, Meredith v. City of Winter Haven, 320 U.S. 228, 64 S. Ct. 7, 88 L.Ed. 9 (1943) wherein the Supreme Court appeared to reject this approach. 320 U.S. at 235, 64 S.Ct. 7. As stated, this is not a diversity case and the question to be answered is strictly one of federal law. Thus, a *Clay* type of abstention would be inappropriate.

5. Questioning the propriety of abstention when the only constitutional issue is supremacy, Judge Goldberg dissented from the *Gray Line* opinion. Citing the *Propper* decision, he stated that when a case "involv[es] the constitutional principle of federal supremacy, the [problem] is exclusively an issue of statutory construction; and the Supreme Court has explicitly rejected the Pullman doctrine as a method of postponing the interpretation of federal statutes." 498 F.2d at 302.

*Gray Line* can be distinguished from the case at bar in that here no question of state law is presented to this federal court for interpretation. In *Gray Line*, the federal court could legitimately abstain to allow a state court to decide a pendent and possibly controlling state issue. Of couse, the *Gray Line* Plaintiff could have reserved its federal claim for determination in a federal forum. England v. Louisiana State Board of Medical Examiners, 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964). Minute Man has no trademark registration under the state act and it alleges no state claim for relief. Only a federal issue is presented and the Plaintiff is entitled to have it determined immediately by a federal court.

■■■ The Defendant's other grounds upon which it moves to dismiss are clearly without merit. First, Coastal asserts that venue is improper; however, Coastal is incorporated in Texas and therefore venue is proper in this district under 28 U.S.C. § 1391(c) (1972). Additionally, the Defendant claims that it does not operate in interstate commerce and therefore is not subject to the prohibitions of the federal trademark statute. The test of the interstate commerce requirement in the trademark setting is the scope of the impact of the alleged infringement on the trademark itself and the physical confines of the infringement within a single state is not material. World Carpets, Inc. v. Dick Littrell's New World Carpets, 438 F.2d 482 (5th Cir. 1971). Plaintiff is a multi-state corporation doing business in six states. Obviously, an infringement on the Plaintiff's federal trademark would have a significant impact on interstate commerce.

For the foregoing reasons, the Defendant's Motion to Dismiss or in the Alternative to Stay is denied.

It is so ordered.