**Wade T. BATSON and Paul W. Blackstock, Plaintiffs,**

v.

**UNIVERSITY OF SOUTH CAROLINA et al., Defendants.**

**Civ. A. No. 77–1418.**

United States District Court, D. South Carolina, Columbia Division.

Oct. 18, 1977.

Victoria L. Eslinger, Lucy M. Knowles, Ann L. Furr, Eslinger & Knowles, Mark L. Archer, Columbia, S. C., for plaintiffs.

Daniel R. McLeod, Atty. Gen., C. Tolbert Goolsby, Jr., Deputy Atty. Gen., A. Camden Lewis, Kenneth P. Woodington, Nathan Kaminski, Jr., Asst. Attys. Gen., Philip M. Grier, University Counsel, Timothy G. Quinn, Columbia, S. C., for defendants.

## ORDER ON MOTION BY DEFENDANT THAT THE COURT ABSTAIN

HEMPHILL, District Judge.

By complaint filed July 21, 1977, plaintiffs would have this court enjoin the defendants from enforcing an administrative decision calling for earlier retirement of the plaintiffs than that which has been promulgated by the state statute.[1] Plaintiffs' pos-

---

1. S.C.Code Ann. § 9–1–1530 (1976) provides, in part:
   "Any employee in service who has attained the age of 70 years shall be retired forthwith . . . ." There are three exceptions to the rule but the same are not before the court at this time.

it that the action of the University of South Carolina, through its personnel, in asking/demanding the retirement of plaintiffs at age 65 is in violation of the statute which provides for mandatory retirement at age 70, and as such deprives them of their property rights without due process of law and denies them equal protection of the laws,[2] constitutes an unconstitutional impairment of contractual obligations,[3] constitutes breach of contract, and is unauthorizedly done.

This court, on the basis of the complaint, issued its Rule to Show Cause why a temporary injunction, *pendente lite*, should not issue, but before the matter could be heard, the parties agreed the injunction should issue. In the Return to the Rule to Show Cause defendants pressed the question of abstention and the court considered it as a motion and set the same for hearing. The motion came on to be heard at Winnsboro,[4] South Carolina, on September 26, 1977. At the hearing defendants argued that the State Court is the proper forum to determine the issue of whether or not the University of South Carolina, as a State institution, has the authority to lower the statutory mandatory retirement age; and that if the State court determines the University is without authority to lower the retirement age, the federal constitutional issues (which are the basis of this court's subject-matter jurisdiction in the first instance) will be mooted. Plaintiffs countered by insisting that the case is not a proper one for abstention, that plaintiffs' choice of forum would be negated, and the extra expense and time necessarily involved in a State court proceeding would be too great a burden on plaintiffs to justify abstention. Plaintiffs also expressed concern over the possibility that release of the issue to the State court would preclude recovery of substantial attorneys' fees and other costs allowed in the federal courts.[5]

The abstention doctrine first appeared in *Railroad Com. of Texas v. Pullman Co.*, infra. Application of the doctrine is the exception, not the rule. The doctrine is equitable in nature and its justification is based on the desire to promote state-federal harmony and, in many instances, the need for authoritative determinations of unsettled or novel issues of State law which bear heavily on federal constitutional issues in the particular case. *Pullman, Sibron v. New York.*[6]

This court is not inclined to put additional burdens on parties who seek redress of their grievances in this court. Therefore, we must look closely at the situation presented to determine whether abstention is a proper course of action.

The University of South Carolina can, among other things, sue and be sued in its name, make contracts, and appoint faculty members.[7] It has, therefore, as do many other State agencies, fairly extensive powers, which are necessary for its effective administration. The South Carolina mandatory retirement age, *supra*, note 1, is set by statute at 70 years of age. The University, however, lowered its mandatory retirement age to 65. This situation presents the following novel legal questions: The reach of the statute to and the ability of a State institution or agency to vary the application of that statute (e. g. the very nature of a State institution's power or authority). To this court's knowledge, the question of a State agency's authority or power to lower

---

2. United States Constitution, Fifth and Fourteenth Amendment; South Carolina Constitution, Art. 1, §§ 3, 13.

3. United States Constitution, Art. 1, § 10, cl. 1; South Carolina Constitution, Art. 1, § 4.

4. The court was sitting in Winnsboro for lack of facilities in Columbia.

5. Since the remedies sought by plaintiffs are in part based on 42 U.S.C. § 1983, its generous provision allowing awards for attorneys' fees and costs apply.

6. 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968).

7. South Carolina Code of Laws (1976), Sec. 59–117–40.

the mandatory retirement age, has never been addressed in South Carolina.[8] A finding that the University had no authority to take such action would probably render the constitutional issues here presented, as well as the breach of contract claim, non-justifiable. The reason being, that until that determination is made, the temporary injunction now in effect precludes the University from implementing any directive inconsistent with the retirement statute and a finding of no authority would permanently preclude the University from taking such action. As such, the University could not deprive plaintiffs of their property rights without due process, or impair the contractual obligation of the parties or breach the contract. The action lowering the retirement age would thus be negated.

■ At oral argument, the Attorney General's Office, representing defendants, intimated that of all the numerous State agencies, only a few had not lowered their mandatory retirement age below the statutory mandatory retirement age. The University's action, therefore, appears to be the rule, not the exception. A determination that a State institution, such as the University, has no authority to lower the mandatory retirement age could have a sweeping effect. Other State agencies may see fit to re-shuffle their retirement requirements. Employees of other agencies and institutions may seek access to the courts in reliance on such a decision. In light of the fact that the constitutional issues are dependent on this State issue and that the State issue is novel in South Carolina, and that disposition of such issue will have a potentially sweeping effect,[9] this court will grant defendants' motion for abstention subject to conditions to be hereinafter set out. The State courts should have the chance to make the determination of authority vel non, and to establish *meaningful* precedent.[10]

This court finds authority for its action in the Supreme Court decision of *Railroad Commission of Texas v. Pullman*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941) which was a case involving a racial issue, among others, the question being whether or not the Railroad Commission of the State of Texas, a state agency, had the authority, under Texas statutes to require all personnel working in the sleeping car areas to have the rank of conductor. The Court abstained upon the announced belief that a determination by the State courts of Texas that the requirement was made without authority would vitiate the constitutional claims. On numerous occasions since *Pullman*, the Supreme Court has held the abstention doctrine applicable in cases where an issue of State law controlled the federal constitutional issues. See e. g.: *Spector Motor Service v. McLaughlin*, 323 U.S. 101, 65 S.Ct. 152, 89 L.Ed. 101 (1944); *A. F. of L. Metal Trades Dept. v. Watson*, 327 U.S. 582, 66 S.Ct. 761, 90 L.Ed. 873 (1946); *Leiter Minerals Inc. v. United States*, 352 U.S. 220, 77 S.Ct. 287, 1 L.Ed.2d 267 (1957), reh. den. 352 U.S. 1019, 77 S.Ct. 553, 1 L.Ed.2d 560; *Meridian v. Southern Bell Telephone & Telegraph Co.*, 358 U.S. 639, 79 S.Ct. 455, 3 L.Ed.2d 562 (1959); *Two Guys From Harrison-Allentown, Inc. v. McGinley*, 366 U.S. 582, 81 S.Ct. 1135, 6 L.Ed.2d 551 (1961); *Lake Carrier's Association v. MacMullan*, 406 U.S. 498, 92 S.Ct. 1749, 32 L.Ed.2d 257 (1972).

Plaintiffs cite numerous cases which they claim militate against abstention—among those cases are—*Baggett v. Bullitt*, 377 U.S. 360, 84 S.Ct. 1316, 12 L.Ed.2d 377 (1964) and *Zwickler v. Koota*, 389 U.S. 241, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967). In those cases however, the Court determined that possible disposition of the State law issue would

---

8. Counsel for plaintiffs produced 1975 Attorney General Opinions to the effect that the mandatory age could not be lowered. At the hearing, counsel for defendant stated that an earlier Attorney General Opinion reached the opposite conclusion.

9. This court does not avoid decisions of unique or unpopular impact when it is the appropriate forum to render the decision.

10. In making this determination, the court is mindful of declaratory relief in South Carolina. S.C.Code (1976) §§ 15–53–10 et seq.

not vitiate the constitutional claim. Also cited were *Meredith v. Winter Haven*, 320 U.S. 228, 64 S.Ct. 7, 88 L.Ed. 9 (1943) and *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 79 S.Ct. 1060, 3 L.Ed.2d 1163 (1959). These cases, however, were diversity cases, where the court sits as interpreter of State law and where no constitutional issue hung in the balance. Although sometimes appropriate, abstention is not as readily granted in diversity cases as in federal question cases where a constitutional issue hangs in the balance. *Propper v. Clark*, 337 U.S. 472, 69 S.Ct. 1333, 93 L.Ed. 1480, reh. den. 338 U.S. 841, 70 S.Ct. 33, 94 L.Ed.2d 514, reh. den. 342 U.S. 907, 72 S.Ct. 289, 96 L.Ed. 679. Also cited by plaintiff is *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). However, no *constitutional* issue was present in that case, there, involved was a federal water statute. Finally, plaintiff cites several cases which hold that abstention is improper where a statute which is to be construed is unambiguous. The issue here, however, is not construction of an ambiguous statute, but the ability of a State institution to vary the statute. That is, the interplay between the effect of the statute and a State institution's ability to alter that effect, a novel issue in South Carolina.

In light of the above, this court is convinced that abstention is proper under the circumstances of this case, provided, however, that the scope of such abstention is directed upon the conditions that:

(1) Since it is the better practice for the district court to retain jurisdiction over the federal issues and merely stay the federal proceeding pending remission of the State issue to the State court, this court follows such procedure.[11] This court stays the federal proceeding but does not dismiss it at this time, leaving for another day assessment of those issues and the propriety of attorneys' fees and costs related thereto.

(2) The only issue released to the State court is the issue of the effect of, and ability of, the University to vary or circumvent the mandatory retirement age statute as set out therein—it being the only *novel issue* of State law involved which can affect the constitutional issues here presented. Such is the only issue plaintiffs will be expected to litigate in the State court.[12]

(3) The presentation of the State court issue, for declaratory relief (preferably), be immediately, diligently and expeditiously pursued by defendant, the court noting that if such is not done it has the power and will consider delay an invitation to proceed on the State issue.[13]

(4) The temporary injunction now in force, continues pendente lite, since this court retains jurisdiction over the federal claims here presented.

Defendants' motion, subject to conditions stated, is granted.

AND IT IS SO ORDERED.

**11.** *N.A.A.C.P. v. Button*, 371 U.S. 415, 83 S.Ct. 328, 9 L.Ed.2d 405 (1963).

**12.** *England v. Louisiana State Board of Medical Examiners*, 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964).

**13.** *Louisiana Power & Light Co. v. Thibodaux*, 360 U.S. 25, 79 S.Ct. 1070, 3 L.Ed.2d 1058 (1959), reh. den. 360 U.S. 940, 79 S.Ct. 1442, 3 L.Ed.2d 1552.