In re JOHNSON, INC., d/b/a
Southwyck Honda, Debtor.

Frederick D. WITTKOP, d/b/a
Monroe Glass, Plaintiff,

v.

Danny JOHNSON, et al., Defendants.

Bankruptcy No. 81–0196.
Related Case: 81–00442.

United States Bankruptcy Court,
N. D. Ohio, W. D.

May 27, 1981.

See also Bkrtcy., 11 B.R. 805.

Jeffrey D. Levy, Toledo, Ohio, for plaintiff.

John J. McHugh, III, Thomas S. Zaremba, John M. Carey, Fuller, Henry, Hodge & Snyder, Toledo, Ohio, for defendants.

MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause came to be heard upon Application of the Debtor-Defendant For Removal of the Civil Action pending in Lucas County Court of Common Pleas, No. CI 80–1311, upon the asserted ground that the claim should properly be before this Court pursuant to 28 U.S.C. § 1471(b) and (c), and the Counterclaim filed by the Plaintiff.

FACTS

The Court makes the following findings of fact:

1.) May 23, 1980, Plaintiff, Frederick D. Wittkop, d/b/a Monroe Glass, filed a foreclosure action against Debtor, Johnson, Inc., Southwyck Honda, Dale Johnson, Danny Johnson, and First National Bank of Toledo. The foreclosure action was based upon two causes of action: the breach of an oral contract; and an allegedly valid mechanics lien upon the real estate at 1230 Conant Street, Maumee, Ohio.

2.) A counterclaim against Monroe Glass was filed August 21, 1980, by Danny Johnson, Dale Johnson, Southwyck Honda, and Johnson, Inc. It stated that Monroe Glass breached its express contract by reason of its breach of warranty of workmanlike performance, and that Plaintiff's alleged mechanics lien constituted a cloud upon Defendants' title to realty.

3.) On March 10, 1981, Johnson, Inc., d/b/a Southwyck Honda filed a Voluntary

Petition under Chapter 11 of the Bankruptcy Reform Act of 1978, and remains a Debtor in Possession pursuant to this Court's Order.

4.) March 8, 1981, Debtor-Defendant filed this Application for Removal pursuant to 28 U.S.C. § 1478.

### STATEMENT OF LAW

The sole question to be resolved is whether the Court should proceed with these cases pursuant to its jurisdictional grant under 28 U.S.C. § 1471(b) and (c), or whether it should abstain and remand it back to the Lucas County Court of Common Pleas.

The jurisdictional statute, 28 U.S.C. § 1471(b) and (c) in pertinent part states the following:

"(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11.

"(c) The bankruptcy court for the district in which a case under title 11 is commenced shall exercise all of the jurisdiction conferred by this section on the district courts * * * *."

The property involved in this suit is real estate located at 1230 Conant Street, Maumee, Ohio, and is owned by the Debtor-Defendant, Johnson, Inc., d/b/a Southwyck Honda as evidenced in the Debtor's Petition filed March 10, 1981. Thus, there is little doubt that the pending civil proceeding is "related to" the current Chapter 11 case. The result of the civil litigation, no matter where it is conducted, would involve a disposition of one of the most crucial assets of the Debtor Corporation, namely, the real estate upon which the business structure stands.

Monroe Glass asserts that because their suit involves not only the Debtor Corporation, but also Dale and Danny Johnson who are not parties in the Chapter 11, the Court should abstain from hearing this matter.

During the hearing on this Application, the Court heard argument from all parties concerning the jurisdiction of this Court over the matter at hand. One case advanced by Counsel for Defendant, Danny Johnson, in support of removal was *Westinghouse Credit Corp. v. Claude S. Yeary, Sr.*, 6 B.R. 567, 3 C.B.C.2d 31 (Bkrtcy.W.D.Va.1980), in which the Court stated the following:

"To insure the expeditious and orderly processing of cases pending in this Court, as well as cases pending elsewhere coming within this Court's jurisdiction, Congress further provided in 28 U.S.C. § 1478 procedure for removal of civil actions pending in other courts. It is well to note that § 1478 is broad and encompassing, excluding only proceedings in the United States Tax Court or civil action by a Government unit to enforce police or regulatory powers. To further implement the Congressional intent to extend the broad jurisdictional authority of the Bankruptcy Court, the Congress further provided in § 1478(b) that an order granting remand or declining to grant remand is not reviewable by appeal or otherwise. This would seem to demonstrate a clear congressional intent, to implement the broad range of jurisdiction and powers needed in this Court to effectively resolve such disputes."

It was brought before the Court's attention that this particular case has not advanced past the discovery stage, and that only one pre-trial, procedural in nature, has been had.

It would appear that there would be a duplication of effort, if this matter was to be litigated in the state court since it would probably have to be litigated in this Court under federal law as to the disposition of the claim by Monroe Glass on the property of the Debtor. That disposition according to 28 U.S.C. § 1471(c) is under the exclusive jurisdiction of this court.

Finally, the Court in *In re Lafayette Radio Electronics Corp.*, 8 B.R. 973, 3 C.B.C.2d 804, 808, referring to the Supreme Court's Opinion in *Meredith v. City of Winter*

*Haven*, 320 U.S. 228, 64 S.Ct. 7, 88 L.Ed. 9 (1943), stated the following: "[a]bstention should be exercised only when there are unusual or exceptional circumstances * * * the incident of state courts not having yet settled an issue of law is not by itself sufficiently exceptional to warrant abstention."

For the foregoing reasons, the Court finds that this civil proceeding is properly before this Court. The parties will not be prejudiced by the removal of their case.

In order to protect the interests of the Debtor in Possession, it is therefore

ORDERED, ADJUDGED AND DECREED that this cause shall not be remanded to the Lucas County Court of Common Pleas, but will appropriately remain with this Court for final resolution of the claims of Monroe Glass.