**In re Lannice FRYER, Sr., Debtor.**

**Lannice FRYER, Sr., Plaintiff,**

v.

**EASY MONEY TITLE PAWN, INC., First Defendant,**

and

**Marion "Bud" Arrington, Second Defendant.**

**Bankruptcy No. 93–10513.**
**Adv. No. 93–01084A.**

United States Bankruptcy Court, S.D. Georgia, Augusta Division.

June 29, 1995.

---

Scott J. Klosinski, Augusta, GA, for plaintiff.

Leon Larke, Augusta, GA, for defendants.

## ORDER

JOHN S. DALIS, Bankruptcy Judge.

The defendant Easy Money Title Pawn, Inc. ("Easy Money") has filed a motion for reconsideration of my order entered in this case June 9, 1995, and then amended June 12, 1995[1], finding that Easy Money violated the Georgia Criminal Usury Statute (O.C.G.A. § 7–4–18) and the Federal Truth in Lending Act (15 U.S.C. § 1640 et seq.). The motion requests that I alter or amend my earlier judgment based on two grounds:

(1) O.C.G.A. § 40–3–38 authorizes the $18.00 title fee imposed by defendant, thus my earlier findings that the authorized title fee is only $5.00 and that the fee charged by Easy Money contains a $13.00 fee which qualifies· as "interest" for purposes of the Federal Truth in Lending Act, are incorrect; and

(2) under *Bekele v. Georgia Cash America,* a 1994 decision of the Fulton County Superior Court, pawnshops are excluded from the usury statute's prohibition on collection of interest in an amount exceeding 5% per month and are authorized under the pawn shop statutes to charge 25% per month interest on a pawn transaction, notwithstanding.

Neither of these grounds are sufficient to persuade me to alter or amendment my earlier judgment. The motion for reconsideration is denied.

■ The $18.00 fee is not, as Easy Money alleges in the motion for reconsideration, authorized by statute[2]. I found in my earlier order that only a fee of $5.00 was authorized for recording a subsequent transaction on a motor vehicle certificate of title. *See* O.C.G.A. § 40–3–27(a) (General procedure for reflecting a subsequent transaction on

certificate [of title].). Defendant refers to the $18.00 fee authorized by O.C.G.A. § 40–3–38(c), which provides that,

> The commissioner shall be paid a fee of $18.00 for the filing of an application for any certificate of title and for the filing of the notice of a security interest or a lien on vehicles not required by law to be titled in this state.

Defendant ignores the clear language of this statute which states that the charge authorized is one for an *application* for a certificate of title. Where there is merely a subsequent transaction affecting title to a motor vehicle, there is no need or basis for application for a certificate of title on the vehicle, only a need to reflect the transaction on the already-existing certificate of title. O.C.G.A. § 40–3–27, on which I relied in my earlier decision, specifically addresses that situation and limits the fee to $5.00. This basis for the motion for reconsideration is groundless.

■ The defendant argues that under *Bekele v. Georgia Cash America,* C.A. No. E–23710 (Fulton County Superior Court Dec. 6, 1994), the Georgia usury statute is inapplicable to pawnshops or pawn transactions, and hence that the 25% per month interest charge imposed by Easy Money in the pawn transaction at issue is authorized by O.C.G.A. § 44–12–131. In support of this argument, defendant has submitted an uncertified copy of a document purporting to be Judge William H. Alexander's decision in *Bekele v. Georgia Cash America.* Treating the copy as the decision of the Fulton County Superior Court, for purposes of this motion, it is insufficient grounds for reconsideration of my earlier order.

In *Bekele,* Judge Alexander bases his holding on finding a conflict between the Georgia usury statute and the Georgia pawnshop statute at issue, O.C.G.A. § 44–12–131(a)(4)(A). He cites two rules of statutory construction: the rule that to resolve any

1. *In re Fryer,* 183 B.R. 322 (Bankr.S.D.Ga.1995).

2. The defendant refers in the motion for reconsideration to the authorization of an $18.00 fee for a certificate of title pursuant to House of Representatives Bill No. HB 1145, Section 17(c), effective June 1, 1992. This Bill amended, in part, the fee schedule established by O.C.G.A. § 40–3–38. Although the defendant does not cite the statute for authority but cites only the bill, I will refer to the amended statute.

inconsistency a specific statute will prevail over a general one, absent any indication of contradictory legislative intent; and the rule that although Georgia law does not favor repeal by implication, "a statute will be held to have repealed a prior statute where the latter one is clearly inconsistent and contrary to the most recently enacted law or the later statute appears to cover the entire subject matter and gives expression to the whole law on the subject." *Bekele* at 4. Judge Alexander states that,

> because O.C.G.A. § 44–12–131 clearly contradicts the part of O.C.G.A. § 7–4–18 which is relevant in this case and appears to give expression to the whole law on the subject, this court holds that it acted as an implied repealer. [Cit. omitted.]

*Id.* It is well settled that federal courts are bound by the interpretation of a state statute by state courts. *Silverstein v. Gwinnett Hospital Authority,* 861 F.2d 1560, 1569 (11th Cir.1988). Where state law is applied a federal court must adhere to decisions of the state's highest court, *Sales v. State Farm Fire and Casualty Co.,* 849 F.2d 1383, 1387 (11th Cir.1988), *rev'd on other grounds* 902 F.2d 933 (11th Cir.1990) or, absent such guidance, the decisions of the intermediate appellate courts. *See Insurance Company of North America v. Lexow,* 937 F.2d 569, 571 (11th Cir.1991). The decision of a state trial court is not controlling on federal courts applying state law, but must be given "proper regard." *Finch v. Mississippi State Medical Association, Inc.,* 594 F.2d 163, 165 (5th Cir.1979)[3]. Considering the rationale of the *Bekele* decision I cannot conclude that this decision accurately reflects Georgia law as would be defined by the highest court of this state. Respectfully disagreeing with Judge Alexander's analysis, I find that there is no conflict between the two statutes.

The Georgia usury statute provides in relevant part, that,

> Any person, company, or corporation who shall reserve, charge or take for any loan or advance of money, or forbearance to enforce the collection of any sum of money, any rate of interest greater than 5% per month, either directly or directly, by way of commission for advances, discount, exchange, or the purchase of salary or wages; by notarial or other fees; or by any contract, contrivance, or device whatsoever shall be guilty of a misdemeanor; provided, however, that regularly licensed pawn brokers, where personal property is taken into their actual physical possession and stored by them, may charge, in addition to said rate of interest, not exceeding 25¢ at the time the property is first taken possession of by them for the storage of said property.

O.C.G.A. § 7–4–18(a). The pawnshop statute at issue provides in relevant part that,

> During the first 90 days of any pawn transaction or extension or continuation of the pawn transaction, a pawn broker may charge for each 30 day period interest and pawnshop charges which together equal no more than 25% of the principal amount advanced, with a minimum charge of up to $10.00 per 30–day period.

O.C.G.A. § 44–12–131(a)(4)(A). The usury statute specifically caps interest at 5% per month, while the pawnshop statute authorizes the imposition of interest *and* pawnshop charges not to exceed 25% per month. What is authorized by the pawnshop statute is a combination of charges up to 25% per month, not the imposition of interest alone at a rate of 25% per month. Judge Alexander's decision in *Bekele* has the effect of reading the terms "interest" and "pawnshop charges" synonymously and interchangeably, without regard to what "pawnshop charges" might be. The terms "interest" and "pawnshop charges" are not synonymous or interchangeable, and both terms must be recognized as having individual importance within the statute. Additionally, the direct reference in the usury statute to pawn brokers evidences the legislature's contemplation of the application of this statute to pawnshops.

IT IS THEREFORE ORDERED that the motion for reconsideration is DENIED.

---

**3.** Decisions rendered by the Fifth Circuit on or prior to September 30, 1981 are binding precedent on the Eleventh Circuit. *Bonner v. City of Prichard,* 661 F.2d 1206, 1207 (11th Cir.1981).